Stacy Tolchin (CA SBN #217431)
Megan Brewer (CA SBN #268248)
Law Offices of Stacy Tolchin
234 E. Colorado Blvd., Ste 230
Pasadena, CA 91101
Telephone: (213) 622-7450
Facsimile: (213) 622-7233
Email: Stacy@Tolchinimmigration.com
Email: Megan@Tolchinimmigration.com

Counsel for Petitioner

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Jordan Josue Gonzalez Reyes,<br><br>Petitioner,<br><br>v.<br><br>Markwayne MULLIN, Secretary, Department of Homeland Security; Todd LYONS, in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement; Todd BLANCHE, Attorney General of the United States; Andre QUINONES, Field Office Director, Los Angeles ICE Field Office; Fereti SEMAIA, Warden, Adelanto Detention Center,<br><br>Respondents. | Civil Case No.:<br><br>**PETITION FOR WRIT OF HABEAS CORPUS** |

## INTRODUCTION

1. Petitioner is a noncitizen who is detained at the Adelanto immigration detention facility in Adelanto, California. He is in pending removal proceedings.

2. Petitioner was detained by immigration authorities on September 30, 2026.

3. Petitioner is being held without lawful authority for three reasons.

4. First, he is the subject of an unlawful warrantless arrest where no assessment was done as to whether was is likely to escape before a warrant may be obtained. 8 U.S.C. § 1357(a)(2). As the statute was violated, there is no authority to hold him in immigration custody at all, and immediate release is required. *See Vasquez-Perdomo v. Mullins*, No. 2:25-cv-05605-MEMF-SP (C.D. Cal.), Dkt # 738.

5. Second, Petitioner was not provided an initial custody determination by the Department of Homeland Security, as required by 8 C.F.R. § 236.1(c)(8)) and 8 C.F.R. § 287.3(d). The failure to make such an initial determination is a violation of due process and immediately release is required.

6. Third, his parole was revoked without notice or an opportunity to be heard in violation of the regulation, statute, and due process.

## JURISDICTION AND VENUE

7. This Court has jurisdiction under 28 U.S.C. § 2241 (federal habeas statute); 28 U.S.C. § 1331 (federal question); 28 U.S.C. § 2201-2 (declaratory judgment); United States Constitution Article I, Section 9 (Suspension Clause); 28 U.S.C. § 1361 (Mandamus Act).

8. Venue properly lies within the Central District of California under 28 U.S.C. § 1391, because this is a civil action in which Respondents are agencies of the United States, Petitioner is detained in this District, and a substantial part of the events or omissions giving rise to this action occurred in the District.

## PARTIES

9. Petitioner Jordan Josue Gonzalez Reyes is in pending removal proceedings, and is currently detained at the Adelanto immigration detention center in Adelanto, California.

10. Respondent Markwayne Mullin is the Secretary of the Department of Homeland Security. He is responsible for the implementation and enforcement of the Immigration and Nationality Act and oversees ICE, which is responsible for Petitioner's detention. Respondent Mullin has ultimate custodial authority over Petitioner. He is sued in his official capacity.

11. Respondent Todd Lyons is the Acting Director of ICE and has authority over the operations of ICE. In that capacity and through his agents, Respondent Lyons has broad authority over the operation and enforcement of the immigration laws. Respondent Lyons is sued in his official capacity.

12. Respondent Todd Blanche is the Attorney General of the United States. He is responsible for the Department of Justice and is sued in hi official capacity.

13. Respondent Andre Quinones is the Director of the Los Angeles Field Office of ICE's Enforcement and Removal Operations division. As such, he is the custodian of all persons held at the ICE facilities in the Los Angeles Field Office. He is Petitioner's immediate custodian and is responsible for his detention. He is sued in his official capacity.

14. Respondent Fereti Semaia is the Warden of the of the Adelanto ICE Processing Center, Adelanto, California, where Petitioner is detained. He has immediate physical custody of Petitioner and is sued in his official capacity.

## FACTS

15. Petitioner Jordan Josue Gonzalez Reyes has been assigned A Number A246-114-030

16. Petitioner was initially detained by immigration authorities on October 30, 2022 when he entered the United States at the Mexican border at or near Hidalgo, Texas.

17. Petitioner was paroled into the United States and told to report to immigration authorities. He reported as required.

18. Petitioner was paroled to seek asylum. Petitioner applied for asylum, which is pending, and received employment authorization.

19. Petitioner is in pending removal proceedings and filed his asylum application with the immigration court. His case is now on appeal with the Board of Immigration Appeals.

20. Despite his pending asylum application and more than 3 years after his release from detention, Petitioner was detained by immigration authorities on September 30, 2026.

21. Immigration officers arrested Petitioner without a warrant or an independent assessment of whether Petitioner was a flight risk.

22. Immigration officers from the Department of Homeland Security never made an initial custody determination as to whether Petitioner would be held in custody while removal proceedings are pending.

23. Petitioner is detained at the Adelanto detention center and has been issued a Notice to Appear which alleges that Petitioner entered the United States without inspection or admission. 8 U.S.C. § 1182(a)(6)(A)(i).

## CAUSES OF ACTION

## COUNT I

***Violation of 8 U.S.C. § 1357(a)(2) and 8 C.F.R. § 287.8(c)(2)(ii): Warrantless Arrest Without Probable Cause of Flight Risk***

24. Petitioner repeats, re-alleges, and incorporates by reference each and every allegation in the preceding paragraphs as if fully set forth herein.

25. The government may not deprive a person of life, liberty, or property without due process of law. U.S. Const. amend. V. "Freedom from imprisonment—from

government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that the Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001).

26. Upon information and belief, Respondents ICE arrested Petitioner without a warrant and without an individualized finding of flight risk. The failure to meet these requirements is a violation of 8 U.S.C. § 1357(a)(2).

27. The failure to conduct an individualized assessment of whether Petitioner was "likely to escape before a warrant can be obtained" is a violation of 8 C.F.R. § 287.8(c)(2)(ii). The reason to believe standard meets the probable cause standard of the Fourth Amendment. *Perez Cruz v. Barr*, 926 F.3d 1128, 1137 (9th Cir. 2019); *Tejeda-Mata v. INS,* 626 F.2d 721, 725(9th Cir. 1980).

28. Arrest in violation of the regulation is unlawful. *See Sanchez v. Sessions*, 904 F.3d 643, 650 (9th Cir. 2018); *Perez Cruz v. Barr*, 926 F.3d 1128, 1137 (9th Cir. 2019). *See also Vasquez-Perdomo v. Mullins*, No. 2:25-cv-05605-MEMF-SP (C.D. Cal.), Dkt # 738 (finding warrantless arrest practice violates 8 U.S.C. § 1357 and the regulations).

29. Issuance of a warrant or an individualized determination of flight risk is a necessary condition to justify discretionary detention under 8 U.S.C. § 1226(a).

30. There is no statutory or regulatory authority to hold Petitioner in immigration detention in light of these violations.

31. Petitioner is being held unlawfully, in violation of his right to due process.

32. Immediate release from immigration detention is required by law. *Huerta Reyes v. Santacruz, et al.,* No. ED CV 26-3394-E, 2026 WL 2069974, at *2 (C.D. Cal. July 13, 2026); *Urias v. Semaia,* No. 5:26-CV-02753-DTB, 2026 WL 1710375, at *6 (C.D. Cal. June 10, 2026); *Galvez Pantoja v. DHS,* No. 5:26-CV-02084-JDE, 2026 WL 1601897, at *4 (C.D. Cal. June 1, 2026); *Navarro Gomez v. Wofford,* No. 1:26-CV-05299 (VC), 2026 WL 2065708, at *3 (E.D. Cal. July 16, 2026); *Gregorio v. Larose*, No. 3:26-CV-03918-RBM-SBC, 2026 WL 2059095, at *1 (S.D. Cal. July 16, 2026); *Ahmed M. v.*

*Bondi*, No. 25-CV-4711 (ECT/SGE), 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026); *Lopez-Sanchez v. Blanche,* No. 8:26CV264, 2026 WL 1759557, at *3 (D. Neb. June 18, 2026); *Chiliquinga Yumbillo v. Stamper*, No. 2:25-cv-00479-SDN, 2025 WL 2783642, at *5 (D. Me. Sept. 30, 2025); *J.A.C.P. v. Wofford*, No. 1:25-cv-01354-KES-SKO (HC), 2025 WL 3013328, at *8 (E.D. Cal. Oct. 27, 2025).

**COUNT II**

***Unlawful Detention Without Initial Custody Determination***

33. Petitioner repeats, re-alleges, and incorporates by reference each and every allegation in the preceding paragraphs as if fully set forth herein.

34. The government may not deprive a person of life, liberty, or property without due process of law. U.S. Const. amend. V. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that the Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001).

35. The regulations provide that "[a]ny officer authorized to issue a warrant of arrest may, in the officer's discretion, release an alien ... provided that the alien must demonstrate to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the alien is likely to appear for any future proceeding.". 8 C.F.R. § 1236.1(c)(8))

36. Further, after the initial arrest, a determination must be made within 48 hours "of the arrest, except in the event of an emergency or other extraordinary circumstance in which case a determination will be made within an additional reasonable period of time, whether the alien will be continued in custody or released on bond or recognizance and whether a notice to appear and warrant of arrest as prescribed in 8 CFR parts 236 and 239 will be issued." 8 C.F.R. § 287.3(d).

37. These regulations were meant to protect the fundamental rights of noncitizen detainees and the violation of the regulations violates due process. An agency's failure to

follow its regulations that are meant to protect fundamental rights is a violation of due process. *Accardi v. Shaughnessy*, 347 U.S. 260, 267, 74 S.Ct. 499, 98 L.Ed. 681 (1954); *Sameena Inc. v. U.S. Air Force*, 147 F.3d 1148, 1153 (9th Cir. 1998).

38. The Form I-286 is the Notice of Custody Determination that is completed by DHS in compliance with the above regulations.

39. Upon information and belief, DHS failed to make the initial custody determination required by the regulations when it arrested Petitioner on March 17, 2026.

40. Immediate release is the proper relief when DHS has failed to make the initial custody determination required by the regulations. *Dos Reis v. McShane*, No. CV 26-3775, 2026 WL 1746649, at *4 (E.D. Pa. June 17, 2026); *Pastrana-Beltran v. Mullin*, No. 26-cv-2657, 2026 WL 1398609, at *2 (E.D.N.Y. May 19, 2026); *Curimilma Quille v. Blanche*,. No. 26-cv-2818, 2026 WL 1453889, at *3-5 (E.D.N.Y. May 22, 2026); *Cajamarca-Janza v. Soto,* No. 26-CV-3066 (HG), 2026 WL 1506777, at *5 (E.D.N.Y. May 29, 2026).

## COUNT III

### *Violation of Parole Statute*

41. Petitioner incorporates the allegations in the paragraphs above as though fully set forth here.

42. The parole statute at 8 U.S.C. § 1182(d)(5)(A) permits the termination of parole only where there is a finding that the purpose of such parole has been served. *Y-Z-L-H v. Bostock*, 792 F. Supp. 3d 1123, 1133 (D. Or. 2025).

43. Petitioner was paroled into the United States based on his expressed intent to apply for asylum. That was the "purpose" of his parole.

44. No finding has been made that the purpose of Petitioner's parole has been served to warrant the termination of parole.

## COUNT IV

***Violation of Parole Regulation***

45. Petitioner incorporates the allegations in the paragraphs above as though fully set forth here.

46. The parole regulation, 8 C.F.R. § 212.5(e), provide that upon written notice, DHS may terminate parole "upon accomplishment of the purpose for which parole was authorized or when in the opinion of one of the officials listed in paragraph (a) of this section, neither humanitarian reasons nor public benefit warrants the continued presence of the alien in the United States."

47. An agency's failure to follow its regulations that are meant to protect fundamental rights is a violation of due process. *Accardi v. Shaughnessy*, 347 U.S. 260, 267, 74 S.Ct. 499, 98 L.Ed. 681 (1954); *Sameena Inc. v. U.S. Air Force*, 147 F.3d 1148, 1153 (9th Cir. 1998).

48. Petitioner is not a flight risk or a danger to the public.

49. There is no evidence that any official found that humanitarian reasons do not warrant Petitioner's presence in the United States.

50. The rearrest of Petitioner terminated his release on parole and violated the regulations and due process. *Y-Z-L-H v. Bostock*, 792 F. Supp. 3d 1123, 1145 (D. Or. 2025).

## COUNT V

***Violation of Due Process: Revocation of Parole Without Notice***

51. Petitioner incorporates the allegations in the paragraphs above as though fully set forth here.

52. Under the Due Process Clause of the Fifth Amendment to the United States Constitution, no person shall be "deprived of life, liberty, or property, without due

process of law." U.S. Const. amend. V. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Zadvydas v. Davis,* 533 U.S. 678, 690 (2001).

53. An individual released from immigration custody has a liberty interest in remaining free from detention. *Morrissey v. Brewer*, 408 U.S. 471, 482, 92 S. Ct. 2593, 2601, 33 L. Ed. 2d 484 (1972).

54. The liberty interest applies to individuals who are paroled into the United States and released in order to attend removal proceedings. *Kartashyan v. Warden*, No. 1:25-CV-1526-DC-SCR, 2025 WL 3771343, at *7 (E.D. Cal. Dec. 31, 2025); *Cordero Pelico v. Kaiser*, No. 25-CV-07286-EMC, 2025 WL 2822876, at *6 (N.D. Cal. Oct. 3, 2025); *Garcia v. Andrews*, No. 1:25-CV-01006 JLT SAB, 2025 WL 2420068, at *11 (E.D. Cal. Aug. 21, 2025); *Valencia Zapata v. Kaiser*, No. 25-CV-07492-RFL, 2025 WL 2578207, at *3 (N.D. Cal. Sept. 5, 2025); *Y-Z-L-H v. Bostock*, No. 3:25-CV-965-SI, 2025 WL 1898025, at *13 (D. Or. July 9, 2025).

55. While DHS has discretion to revoke parole, it may not do so in a manner that is inconsistent with constitutional protections.

56. Due process requires notice before Petitioner is re-detained by immigration authorities. *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 320, 70 S. Ct. 652, 660, 94 L. Ed. 865 (1950).

## COUNT VI

***Violation of Due Process: Revocation of Parole Without Neutral Decisionmaker***

57. Petitioner incorporates the allegations in the paragraphs above as though fully set forth here.

58. Under the Due Process Clause of the Fifth Amendment to the United States Constitution, no person shall be "deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. "Freedom from imprisonment—from government

custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Zadvydas v. Davis,* 533 U.S. 678, 690 (2001).

59. An individual released from immigration custody has a liberty interest in remaining free from detention. *Morrissey v. Brewer*, 408 U.S. 471, 482, 92 S. Ct. 2593, 2601, 33 L. Ed. 2d 484 (1972).

60. The liberty interest applies to individuals who are paroled into the United States and released for future immigration proceedings. *Garcia v. Andrews*, No. 1:25-CV-01006 JLT SAB, 2025 WL 2420068, at *11 (E.D. Cal. Aug. 21, 2025); *Valencia Zapata v. Kaiser*, No. 25-CV-07492-RFL, 2025 WL 2578207, at *3 (N.D. Cal. Sept. 5, 2025); *Y-Z-L-H v. Bostock*, No. 3:25-CV-965-SI, 2025 WL 1898025, at *13 (D. Or. July 9, 2025)

61. While DHS has discretion to revoke parole, it may not do so in a manner that is inconsistent with constitutional protections.

62. The government bears the burden of providing a justification for the re-detention.

63. Due Process requires that Petitioner be afforded a bond determination before a neutral adjudicator prior to re-detention. *Mathews v. Eldridge*, 424 U.S. 319 (1976).

## PRAYER FOR RELIEF

WHEREFORE, Petitioner respectfully requests that this Court:

a. Assume jurisdiction over this matter;
b. Declare that Petitioner's re-detention is unlawful;
c. Order that Petitioner be immediately released from custody and his parole reinstated pursuant to the terms of his prior reporting requirements;
d. Order Respondents not to re-detain Petitioner without first providing at least 7 days' notice and a pre-deprivation bond hearing before a neutral adjudicator at which the Government bears the burden of proof to show by clear and convincing

evidence that Petitioner is a flight risk or a danger to the community and that no condition or combination of conditions could reasonably assure Petitioner's future appearance and/or the safety of the community, and the adjudicator must conduct an individualized assessment of Petitioner's suitability for bond in light of the forgoing standard;

e. Award reasonable attorneys' fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d), 5 U.S.C. § 504, or any other applicable law; and

f. Order further relief as this Court deems just and appropriate.

Dated: October 7, 2026

Respectfully Submitted,

*S/Megan Brewer*
Law Offices of Stacy Tolchin
234 E Colorado Blvd, Ste 230
Pasadena, CA 91101
Telephone: (213) 622-7450
Facsimile: (213) 622-7233
Megan@Tolchinimmigration.com

Counsel for Petitioner