**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JORDAN JOSUE GONZALEZ REYES,<br>Petitioner,<br>v.<br>MARKWAYNE MULLIN, et al.,<br>Respondents. | Case No. EDCV 26-5940 PVC<br><br>**MEMORANDUM DECISION AND ORDER GRANTING PETITION AND IMMEDIATE RELEASE** |

## I. INTRODUCTION AND PROCEDURAL BACKGROUND

Petitioner Jordan Josue Gonzalez Reyes ("Petitioner"), filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Petition"), against Respondents, Markwayne Mullin, Secretary, Department of Homeland Security; Todd Lyons, Acting Director of U.S. U.S. Immigration and Customs Enforcement; Todd Blanche, Attorney General of the United States; Andre Quinones, Field Office Director, Los Angeles ICE Field Office; and Fereti Semaia, Warden, Adelanto Detention Center on October 7, 2026. (Pet., Dkt. No. 1). The Petition states that Petitioner, a citizen of Nicaragua, has been in immigration custody since September

30, 2026. (*Id.* at 4).[1] Petitioner is currently detained at the Adelanto ICE Processing Facility in Adelanto, California. (*Id.* at 3).

The Petition alleges that Petitioner's detention violates 8 U.S.C. § 1357(a)(2), 8 C.F.R. § 287.8(c)(2)(ii), Due Process under the Fifth Amendment, 8 U.S.C. § 1182(d)(5)(A), and 8 C.F.R. § 212.5(e). (*Id.* at 4–10). The Petition seeks relief in the form of an order requiring that Respondent immediately release Petitioner and reinstate the terms of his prior parole; enjoining Respondent from re-detaining Petitioner without first providing him at least seven days' notice and a pre-deprivation bond hearing before a neutral adjudicator at which the Government bears the burden of proof to show by clear and convincing evidence that Petitioner is a flight risk or a danger to the community and that no condition or combination of conditions could reasonably assure Petitioner's future appearance and/or the safety of the community and at which the adjudicator must conduct an individualized assessment of Petitioner's suitability for bond; and awarding Petitioner's reasonable attorney's fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d), 5 U.S.C. § 504. (*Id.* at 10–11).

On October 8, 2026, the Court issued the Notice of General Order 26-05 and Briefing Schedule. (Dkt. No. 6). Therein, the Court "direct[ed] Respondent to show cause why the writ of habeas corpus should not be granted," and set an expedited briefing schedule on the Petition. (*Id.* at 1–2). Respondent neither filed a timely Answer to the Petition nor sought an extension of time to do so.[2]

---

[1] For ease of reference, when referring to the filings, the Court uses page numbers generated by CM/ECF. These numbers are printed in a blue ribbon at the top of each page filed on the docket.

[2] This failure may not have been accidental. At a September 8, 2026 meeting of the Magistrate Judges of this Court, the Chief Magistrate Judge reported that the United

The Court has reviewed the unrebutted Amended Petition. For the reasons discussed below, the Petition for Writ of Habeas Corpus is GRANTED.

## II. FACTUAL BACKGROUND

Petitioner is a non-citizen and a native of Nicaragua presently detained at the ICE detention facility in Adelanto, California. (*See* Dkt. No. 1 at 2). He was initially detained by immigration authorities on October 30, 2022, when he entered the United States at the Mexican border at or near Hidalgo, Texas. (*Id.* at 4). He was paroled into the United States and told to report to immigration authorities, which he did as required. (*Id.*). Petitioner applied for asylum which is pending, and received employment authorization. (*Id.*). Petitioner is in pending removal proceedings, and his case is now on appeal with the Board of Immigration Appeals. (*Id.*). Despite his pending asylum application and his release on parole for more than three years, Petitioner was detained by immigration authorities on September 30, 2026 without a warrant or an independent assessment of whether Petitioner was a flight risk. (*Id.*). He has been in immigration custody since September 30, 2026. (*Id.*).

## III. LEGAL STANDARD

Habeas relief extends to those who can show they are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Although Congress has barred courts from reviewing certain discretionary decisions concerning detention or release of noncitizens subject to removal proceedings, *see* 8 U.S.C. §§ 1226(e), 1252(g), federal courts retain

---

States Attorney's Office has decided that it will file nothing in response to some immigration-related habeas corpus petitions, notwithstanding General Order 26-05.

jurisdiction to "review related 'constitutional claims or questions of law.'" *Martinez v. Clark*, 36 F.4th 1219, 1224 (9th Cir. 2022) (quoting *Singh v. Holder*, 638 F.3d 1196, 1202 (9th Cir. 2011)), vacated on other grounds by ___ U.S. ___, 144 S. Ct. 1339, 218 L.Ed.2d 418 (2024). Petitioner makes such reviewable claims here.

Title 28 U.S.C. § 2243 provides that a Court "entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Here, via General Order 26-05, the Court directed Respondent to show cause why the writ should not be granted. (*See* Dkt. No. 4). Pursuant to Section 2243, Respondent was required in the Answer to certify "the true cause of the detention." 28 U.S.C. § 2243.

**IV. DISCUSSION**

Respondents failed to respond at all to the Petition. Respondents seem to have lost any interest or intent to contest this case, including to comply with the requirement that they – as the ones detaining Petitioner – "make a return certifying the true cause of the detention." 28 U.S.C. § 2243.

Local Rule 7-12 provides that "[t]he failure to file any required document … may be deemed consent to the granting or denial of the motion[.]" The Court deems Respondent's failure to file an Answer to the Amended Petition in this case – despite having notice of its obligation to do so and an opportunity to be heard in opposition to the Petition – to be its consent to granting the relief sought in that pleading.

Moreover, and after considering the uncontested allegations of the Petition on the merits, the Court finds that Petitioner is presently in custody of Respondent in violation of the Constitution or laws or treaties of the United States, as alleged in the Petition. In the present case, Petitioner had been granted parole. This grant of parole denoted a finding that "such release would not pose a danger to property or persons, and that the alien is likely to appear for any future proceeding." 8 C.F.R. 236.1(c)(8); *see Fernandez Lopez v. Wofford*, 2025 WL 2959319, at *2 (E.D. Cal. 2025). Aliens released on parole possess a protected liberty interest. *See, e.g., id.*; *Noori v. Larose*, 2025 WL 2800149, at *4, 9-10 (S.D. Cal. 2025). Significantly, immigration regulations require written notice of the revocation of parole. *See Mata Velazquez v. Kurzdorfer*, 2025 WL 1953796, at *5 (W.D.N.Y. July 16, 2025) (citing 8 C.F.R. § 212.5(e)(2)(i)). Yet, without prior notice, and without a prompt opportunity to be heard, ICE abruptly revoked parole supervision and detained Petitioner. ICE thereby violated Petitioner's due process rights. *See Tenemasa-Lema v. Hyde,* 2025 WL 3280555, at *8-11 (D. Mass. Nov. 25, 2025) (applying *Mathews* to find that detention of paroled alien without the possibility of re-release violated due process*); Im v. Semaia*, 2025 WL 4474995, at *3-8 (C.D. Cal. Oct. 30, 2025) (applying *Mathews* to find a likelihood of a due process violation where ICE detained without a hearing an alien who had been on immigration supervision); *Rodriguez Cabrera v. Mattos*, 2025 WL 3072687, at *10-14 (D. Nev. Nov. 3, 2025) (finding violations of procedural and substantive due process); accord *Pinchi v. Noem*, 2025 WL 3691938, at *30-31 (N.D. Cal. Dec. 19, 2025); *Fernandez Lopez v. Wofford*, 2025 WL 2959319, at *4-5 (paroled alien has constitutionally protected liberty interests in remaining out of custody); *Noori v. Larose*, 2025 WL 2800149, at *4, 9-10 (same); cf. *Hurd v. District of Columbia*, 864 F.3d 671, 683 (D.C. App. 2017) ("the Supreme Court has repeatedly held that in at least some circumstances, a person who is in fact free of physical confinement - even if that freedom is

lawfully revocable - has a liberty interest that entitles him to constitutional due process before he is re-incarcerated").

The most appropriate remedy for this due process violation would be "[t]o return to the status quo - the last uncontested status which preceded the pending controversy," *i.e.*, to order the release of Petitioner on "the same conditions [under which Petitioner] was released previously." *Garcia v. Andrews*, 2025 WL 1927596, at *6 (E.D. Cal. July 14, 2025); *see Rodriguez Cabrera v. Mattos*, 2025 WL 3072687, at *15 (ordering re-release of ICE detainee on conditions previously imposed); accord, *Asatryan v. Lyons*, 2026 WL 1196005 (C.D. Cal. April 24, 2026); *Dereck v. Noem*, 2026 WL 807618, at *3-4 (E.D. Cal. March 24, 2026), adopted, 2026 WL 926254 (E.D. Cal. April 6, 2026); *Elshawadfy v. Bowen*, 2026 WL 1045643 (C.D. Cal. March 16, 2026).

## V. CONCLUSION

IT IS THEREFORE ORDERED that

(1) The Petition for Writ of Habeas Corpus is GRANTED;

(2) Respondents are ordered to immediately release Petitioner **Jordan Josue Gonzalez Reyes (A-number 246-114-030)** and reinstate his parole pursuant to the terms of his prior reporting requirements;

(3) Respondents are permanently enjoined from re-detaining Petitioner without first providing at least seven days' notice and a pre-deprivation bond hearing before a neutral adjudicator at which the Government must bear the burden of proof to show by clear and convincing evidence that

Petitioner is a flight risk or a danger to the community and that no condition or combination of conditions could reasonably assure Petitioner's future appearance and/or the safety of the community, and at which the adjudicator must conduct an individualized assessment of Petitioner's suitability for bond in light of the foregoing standard;

(4) Respondents shall file within two days of the date of the Court's Order, a status report confirming Petitioner's release;

(5) Any fee motion must be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412, and this Court's Local Rules; the Court retains jurisdiction to adjudicate any such motion or other collateral enforcement issues; and

(6) Judgment shall be entered consistent with this Memorandum Decision and Order.

DATED: October 22, 2026

PEDRO V. CASTILLO
UNITED STATES MAGISTRATE JUDGE